WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Ronald M. Arlas, Esq., SBN 59091
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200

WRIGHT, FINLAY & ZAK, LLP
Ronald M. Arlas, Esq. SBN 59091
907 Sir Francis Drake Blvd.
Kentfield, Ca. 94904
Tel: 415/230-4350; Fax: 415/455-0370
rarlas@wrightlegal.net

Attorneys for Defendant SPECIALIZED LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA DIAMOS,<br>    Plaintiff<br>v.<br>SPECIALIZED LOAN SERVICING LLC,<br>    Defendants | Case No. 3:13-CV-04997-NC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT SPECIALIZED LOAN SERVICING, LLC<br><br>Date: February 5, 2014<br>Time: 1:00 p.m.<br>Place: Courtroom A, 15th Floor<br>       450 Golden Gate Avenue<br>       San Francisco, CA |

## I.   INTRODUCTION AND FACTS

Plaintiff TINA DIAMOS ("plaintiff") filed her complaint on or about October 24, 2013. Plaintiff eventually served the complaint on defendant SPECIALIZED LOAN SERVICING, LLC ("SLS"). Pursuant to a written Stipulation, the parties agreed that SLS would have until 12/12/13 to file its responsive pleading. SLS now files said pleadings.

Plaintiff's complaint, which contains only two causes of action, is based solely on alleged violations of the Homeowner's Bill of Rights ("HOBR"). The foundational factual allegation is that SLS supposedly recorded a Notice of Default ("NOD") while at the same time supposedly in receipt of an alleged "complete" loan modification package from plaintiff. See ¶¶3-9 on pgs. 2-4 of plaintiff's complaint.[1] Plaintiff alleges that she was repeatedly told that her loan mod application was "complete" yet the NOD was allegedly recorded before a decision had been rendered on her modification application. Plaintiff alleges that this is "dual tracking." Plaintiff also alleges that she talked to numerous people at SLS during 2013 and this violates the so-called "single point of contact" ("SPOC") required under HOBR.

SLS believes that plaintiffs' loan application was incomplete at the time the NOD was recorded especially since plaintiff failed to reveal in her complaint that she already had a loan modification on the subject property and that her current breach was of this modification. Secondly, SLS notes that it is illegal to secretly record telephone conversations such as plaintiff admits doing in her verified complaint. See ¶4, at the top of pg. 3, lines 1-2. As such, none of the alleged recordings will be admissible in evidence.

More importantly, though, the key basis of this Motion to Dismiss is that the NOD, which is the lynchpin of the complaint, has now been rescinded. As such, plaintiff can no longer allege "dual tracking." With regards to the alleged violation of the SPOC requirement, plaintiff fails to allege an essential fact as explained below. As such, plaintiff cannot also sustain a cause of action based on an alleged violation of the SPOC requirement under HOBR.

However, before discussing the specifics of this complaint, it is defendant's position that plaintiff has failed to allege an indispensable point, namely that she is the real party in interest,

---

[1] All future references to paragraphs and pages are to those in the complaint unless otherwise indicated.

- 2 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT BY DEFENDANT SPECIALIZED LOAN SERVICING, LLC

i.e. the owner of the subject property, commonly known as 650 Woodside Dr., Woodside, Ca. 94062 ("the Property").

## II. ARGUMENT

### A. FRCP RULE 12(B)(6) STANDARD

It is axiomatic that a FRCP 12(b)(6) motion tests the legal sufficiency of a claim. See *Navarro v Block*, 250 F.3d 729, 732 (9th Cir. 2002). The leading case of *Bell Atlantic v Twombly*, 550 US 544, 127 S. Ct., 1955 (2007) set up the standard a court must use when reviewing a 12(b)(6) motion. The Supreme Court stated: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." 550 US at 555, 127 S. Ct. at 1964-65.

In *Ashcroft v Iqbal*, 129 S. Ct. 1937 (May, 2009), the Supreme Court quoted ~~its language in~~ *Twombly, supra*, as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... 'to state a claim for relief that is plausible on its face.'" 129 S. Ct. at 1949. It then went to discuss the necessity for a complaint to go beyond simple legal conclusions pled as "facts." It said, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (citation omitted) (Although for the purposes of a motion to dismiss we must take all of the factual allegations as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted))." *Iqbal*, 129 S. Ct. at 1949-1950.

### B. PLAINTIFF IS NOT THE REAL PARTY IN INTEREST ON THIS PROPERTY.

For ease of reference, defendant is submitting a Request for Judicial Notice (~~"RJN"~~). RJN Exh. 1 is a copy the deed of trust ("DOT") of the subject loan. The DOT shows that it was recorded on 3/9/07 with the only plaintiff being the borrower. Up until then, the Property had

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT BY DEFENDANT SPECIALIZED LOAN SERVICING, LLC

been held in a family trust. See RJN Exh. 2. However, on the same day the DOT was recorded, plaintiff and her husband, Barney Diamos, recorded a Grant Deed taking the Property out of the family trust and into plaintiff's name alone. See RJN Exh. 3. But five days later, plaintiff put the property back into the family trust. See RJN Exh. 4. And that is how title ownership stayed until another Grant Deed, recorded 1/8/09, shows that the family trust moved title ownership out of the family trust and into two separate trusts. See RJN Exh. 5. RJN Exh. 5 shows that the current title ownership of the Property is in the "BLD Qualified Personal Residence Trust, dated October 15, 2008 and the TLD Qualified Personal Residence Trust, dated October 15, 2008, as Joint Tenants.", collectively "the current owners."

Since the whole issue here was whether or not the foreclosure could go forward, the current owners are the real parties in interest and should have been the named plaintiffs herein. FRCP Rule 12(b)(7) states, in pertinent parts,

"(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
///
(7) failure to join a party under Rule 19."

FRCP Rule 19(a)(1) states, in pertinent parts,

"(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

(1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or"

As RJN Exh. 5 shows, plaintiff Tina Diamos does not own the Property anymore. She is indeed liable on the Note and its subsequent modification, but any right to stop the foreclosure in her name alone is not legally viable. The proper plaintiffs to try to stop the foreclosure, if had been still in process, are the current owners of the Property, namely the two trusts listed in RJN Exh. 5. By not naming them as the plaintiffs, this entire complaint fails pursuant to FRCP Rule 12(b)(7) and Rule 19.

### C. THE VERIFIED COMPLAINT FAILS TO ALLEGE A CRITICAL REQUIREMENT FOR AN ALLEGED VIOLATION OF CA §2923.7.

Turning to the filed complaint, plaintiff's First Cause of Action alleges a violation of CC §2923.7, the so-called "single point of contact" ("SPOC") requirement. Plaintiff incorporates by reference her alleged factual allegations in ¶¶3-10 of her complaint to show this alleged violation[2]. See ¶11 on pg. 5. In the aforesaid ¶¶3-10 on pgs. 2-4, plaintiff claims that she spoke to a number of people whenever she called in to find out about the status of her loan mod application. She claims that she got conflicting comments from the various people, but several times, she claims that she was told that her loan modification application was "complete." See, for example, ¶3 on pg. 2 and ¶8 on pg. 4.

CC §2923.7(e) states, in pertinent parts,

"(e) For purposes of this section, "single point of contact" means an individual or **team of personnel** each of whom has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall ensure that each member of the team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process." [Emphasis added.]

In ¶¶3-10, the only factual averments that are applicable to the SPOC issue is the fact that plaintiff talked to a number of SLS employees. However, as shown above, a servicer can have a

"team of personnel" who can act as the SPOC. Plaintiff has made no allegations that the SLS employees she allegedly spoke with were **not** members of a SPOC team assigned to her loan modification. In addition, the HOBR statutes do not make it illegal to give apparently conflicting information or have team members ask for additional information. These are mere alleged facts of what was said in the conversations. CC §2923.7 does not state what can or cannot be discussed between a borrower and a servicer; it is simply a procedural statute. All this statute requires is that **a certain process be set up** by the servicer to deal with potential loan modifications requested by borrowers. Plaintiff has not stated any allegations that SLS did not have a "SPOC Team" in place to deal with her calls. In addition, plaintiff admits that the SLS team complied with the procedure required by CC §2923.7(d)[3] when it transferred her to a supervisor per her request. See the first ¶10, pg. 4, lines 12-14.

Thus, plaintiff's own allegations show that the SPOC process required by CC §2923.7 was indeed set up and followed by SLS and therefore, plaintiff has not alleged a claim upon which relief can be granted. FRCP Rule 12(b)(6).

D.     **THE SECOND CAUSE OF ACTION HAS BECOME MOOT**

The second cause of action is for alleged dual tracking, an alleged violation of CC §2923.6. See ¶15 on pg. 6. Based on the allegations that the NOD was recorded on or about 9/12/13, plaintiff has initially stated a claim upon which relief can be granted since she alleges that she had submitted several loan mod applications before the NOD was recorded and after it

---

[2] Plaintiff actually has two paragraphs with the number "10", both on pg. 4. If necessary, defendant will refer to them as the "first ¶10" or the "second ¶10" respectively.
[3] CC §2923.7(d) states "The mortgage servicer shall ensure that a single point of contact refers and transfers a borrower to an appropriate supervisor upon request of the borrower, if the single point of contact has a supervisor."

was recorded but never received a denial letter. See ¶¶3-10 on pgs. 2-4. RJN Exh. 6 is a copy of the current operative recorded NOD[4].

However, it is defendant's position that the issue of dual tracking was eliminated by the rescission of the NOD recorded on 11/8/2013. See RJN Exh. 7. Thus, while the complaint initially may state a claim of dual tracking, said claim has become factually and legally moot since the alleged offending NOD has been rescinded. The rescission put the borrower back to where she was before, i.e. waiting to hear on her loan mod. application. Borrower has suffered no harm since she is now in no danger of having the foreclosure process proceed at this time. As such, it is defendant's position that plaintiff can no longer allege a claim upon which relief can be granted in this Second Cause of Action. FRCP Rule 12(b)(6).

Furthermore, it should be noted that defendant has the legal authority to simply issue a denial based on CC §2923.6(f)(4), which states, in pertinent parts,

"(f) Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following:
///
(4) If applicable, a finding that the borrower was previously offered a first lien loan modification and failed to successfully make payments under the terms of the modified loan."

Plaintiff had already received a modification of the subject loan. RJN Exh. 8 is a copy of the loan modification of the subject loan, executed by plaintiff on 7/15/2010. Thus, plaintiff was making payments not pursuant to the original note, but pursuant to this loan modification. Plaintiff clearly breached it and therefore, defendant has the legal right to deny her a further modification of her modification. CC §2923.6(f)(4). Now that the NOD has been rescinded, defendant can move forward and render a decision on her pending request for a modification of her already modified loan.

---

[4] Plaintiff had two prior NODs recorded against the Property; one in 2010 and one in 2011.

### III. <u>CONCLUSION</u>

In sum, it is defendant's position that this plaintiff is not the proper party to have brought this case. But even if she is, both of the causes of action do not state claims upon which relief can be granted, as shown above. Furthermore, defendant would respectfully request that this Motion be granted without leave to amend in light of the recordation of the rescission of the NOD.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: December 12, 2013            By: ____/s/*Ronald M. Arlas, Esq.*____
                                    T. Robert Finlay, Esq.,
                                    Ronald M. Arlas, Esq., Attorneys for
                                    Defendant Specialized Loan Servicing, LLC

# CERTIFICATE OF SERVICE

I, Catherine Lawler, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 907 Sir Francis Drake Blvd., Kentfield, California 94904. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On December 12, 2013, I served the within **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER** on all interested parties in this action as follows:

[X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Aldon L. Bolanos, Esq.
Law Offices of Aldon L. Bolanos
925 G Street, The Van Voorhies Mansion
Sacramento, CA 95814
Telephone: (916) 446-2800
E-Mail: aldon@aldonlaw.com
**Attorney for Plaintiff**
**TINA DIAMOS**

[ ] (BY MAIL SERVICE) I caused such envelope(s) to be placed for collection to be mailed on this date following ordinary business practices.

[ ] (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ] (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set

1
**CERTIFICATE OF SERVICE**

forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing.

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 12, 2013, at Kentfield, California.

_Catherine Lawler_ (signature)
Catherine Lawler