# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA DIAMOS, | Case No. 13-cv-04997 NC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| SPECIALIZED LOAN SERVICING, LLC, | |
| Defendant. | |

    The Court issues this order sua sponte to address concerns regarding subject matter jurisdiction. The complaint alleges that the Court has subject matter jurisdiction based on diversity of citizenship. However, Diamos has failed to allege the amount in controversy, and pleads insufficient facts regarding the citizenship of defendant Specialized Loan Servicing, LLC. Therefore, the Court orders Diamos to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction.

Case No. 13-cv-04997 NC
ORDER TO SHOW CAUSE

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

## DISCUSSION

The allegations regarding subject matter jurisdiction are deficient in two ways. First, Diamos makes no allegations to support the requirement that the matter in controversy exceeds $75,000. Dkt. No. 1 at ¶ 2. The Ninth Circuit has made clear that when a plaintiff does not allege "the dollar value of the amount in controversy, the district court [may] not properly exercise diversity jurisdiction over [his] claim." *Rilling v. Burlington N. R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990) (quoting *Citizen's Comm. to Save the Land Grant Railroads v. Burlington N., Inc.*, 708 F.2d 1430, 1435 (9th Cir. 1983)).

Second, Diamos alleges in a conclusory manner that Specialized Loan Servicing, LLC is a citizen of Delaware. Dkt. No. 1 at ¶ 2. However, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, Diamos must allege the citizenship of all of Specialized Loan Servicing's members. Moreover, if any member of Specialized Loan Servicing is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

## CONCLUSION

The parties must be prepared to discuss the issue of subject matter jurisdiction at the hearing already scheduled for February 5, 2014. The Court will then determine whether further briefing is necessary.

IT IS SO ORDERED.

Date: January 31, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge