1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA DIAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>    Defendant. | Case No. 13-cv-04997 NC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 9, 22 |

19
20
21
22
23
24
25
26
27

    Defendant Specialized Loan Servicing moves to dismiss plaintiff Diamos' complaint in this wrongful foreclosure action. Both parties have consented to the jurisdiction of a magistrate judge. Dkt. No. 17. Although SLS did not argue that the case should be dismissed for lack of subject matter jurisdiction, the Court raised the issue sua sponte and ordered Diamos to show cause why her complaint should not be dismissed for wanting subject matter jurisdiction. Dkt. No. 22. Because Diamos has failed to allege sufficient facts to support this Court's subject matter jurisdiction, the Court dismisses the complaint but grants Diamos leave to amend.

28

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When dismissing a complaint, "a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## DISCUSSION

Diamos' complaint alleges that the Court has diversity jurisdiction, but these allegations are deficient in two ways. First, Diamos makes no allegations to support the requirement that the matter in controversy exceeds $75,000. Dkt. No. 1 at ¶ 2. The Ninth Circuit has made clear that when a plaintiff does not allege "the dollar value of the amount in controversy, the district court [may] not properly exercise diversity jurisdiction over [his] claim." *Rilling v. Burlington N. R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990) (quoting *Citizen's Comm. to Save the Land Grant Railroads v. Burlington N., Inc.*, 708 F.2d 1430, 1435 (9th Cir. 1983)).

Second, Diamos alleges in a conclusory manner that Specialized Loan Servicing, LLC is a citizen of Delaware. Dkt. No. 1 at ¶ 2. However, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, Diamos must allege the citizenship of all of

Specialized Loan Servicing's members.  Moreover, if any member of Specialized Loan Servicing is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well.  *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).  However, if "the information necessary to establish the diversity of the citizenship of [SLS is] not reasonably available to [Diamos]," then Diamos may plead the citizenship of SLS upon information and belief.  *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, Nos. 12-56203, 12-56235, at 8 (9th Cir. Feb. 4, 2014).  Diamos has not alleged the citizenship of SLS' members, nor that this information is not reasonably available to her.  Therefore, the Court dismisses the complaint but grants leave to amend.

## CONCLUSION

Diamos must file an amended complaint within fourteen days of this order, if she can amend to cure the deficiencies described here.

IT IS SO ORDERED.

Date:  February 5, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge