1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

TINA DIAMOS,

               Plaintiff,

      v.

SPECIALIZED LOAN SERVICING LLC,
and others,

               Defendants.

Case No. 13-cv-04997 NC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 27

18      Plaintiff Tina Diamos brings this action as a borrower under California's Homeowner
19 Bill of Rights, alleging multiple violations by defendant Specialized Loan Servicing in
20 processing her application for a loan modification. Diamos also alleges Specialized Loan
21 Servicing made intentional and negligent misrepresentations during the application process.
22 Specialized Loan Servicing now moves to dismiss Diamos's claims for lack of subject
23 matter jurisdiction and for failure to state a claim under Federal Rule of Civil Procedure
24 12(b)(6). Specialized Loan Servicing also moves to strike the claims for intentional and
25 negligent misrepresentation.

26      The Court finds that Diamos has failed to properly allege facts for the Court to
27 determine it has subject matter jurisdiction, and therefore dismisses her amended complaint,
28 but grants leave to amend. To prevent a third deficient complaint, the Court also addresses

Case No. 13-cv-04997 NC
ORDER GRANTING MOTION TO
DISMISS

the merits of Specialized Loan Servicing's Rule 12(b)(6) motion to dismiss.  Finally, the Court denies the motion to strike as moot.

## I. BACKGROUND

In March 2007, Diamos took out a loan secured by her home property in Woodside, CA.  Dkt. No. 27-1, Ex. 1.  On August 20, 2012, Diamos submitted a complete loan modification application to Specialized Loan Servicing ("SLS").  Dkt. No. 26 at ¶ 3.  Approximately a month later, she spoke with an agent of SLS who informed her that the application had not been recorded in SLS's system.  *Id.*  Given this information, Diamos then completed and submitted a second application to SLS, which SLS confirmed it received.  *Id.*  While this application was still pending, Diamos received a letter from SLS informing her that her property was being referred for foreclosure.  *Id.* at ¶ 5.  When she attempted to clarify the situation, Diamos was given conflicting information by multiple SLS employees.  *Id.* at ¶¶ 5-6.  Confused as to the real status of her application, Diamos finally spoke with a SLS supervisor on March 14.  *Id.* at ¶ 6.  The supervisor told her that certain documents essential to her previous application had "expired," and she therefore needed to complete a third application.  *Id.* at ¶ 7.  While this third completed application was still pending, SLS recorded a notice of default on September 12, 2013.  *Id.* at ¶ 9.

After receiving notification of the notice of default, Diamos contacted SLS and was informed that her application was still under review and that there were no foreclosure procedures pending against her property.  *Id.*  She was then asked to submit a new—her fourth—application for a loan modification.  *Id.* at ¶ 10.  Diamos then filed her original complaint in this action on October 24, 2013.  *Id.*  Two weeks later, on November 8, 2013, SLS rescinded the notice of default.  *Id.* at n.4; Dkt. No. 27-1, Ex. 6.

Defendants moved to dismiss Diamos's original complaint for failure to state a claim.  Dkt. No. 9.  But before addressing the merits of SLS's motion, this Court determined it lacked subject matter jurisdiction and dismissed the original complaint while granting Diamos leave to amend her complaint to properly allege diversity jurisdiction.  Dkt. No. 27.  Diamos filed an amended complaint on February 13, 2014.  Dkt. No. 26.  SLS then filed

Case No. 13-cv-04997 NC
ORDER GRANTING MOTION TO DISMISS

2

1  motions to strike and to dismiss the complaint.  Dkt. Nos. 27, 28.  Both parties have

2  consented to the jurisdiction of a magistrate judge.  Dkt. No. 17.

3                              **II. DISCUSSION**

4  **A. Diamos's Amended Complaint Does Not Sufficiently Allege Diversity Jurisdiction**

5       Federal courts are courts of limited jurisdiction and are presumptively without

6  jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal

7  courts have original jurisdiction over "all civil actions arising under the Constitution, laws,

8  or treaties of the United States," and over "all civil actions where the matter in controversy

9  exceeds the sum or value of $75,000 . . . and is between citizens of different states."

10 28 U.S.C. § 1331; 28 U.S.C. § 1332(a).

11      The Court dismissed Diamos's original complaint for two reasons: first, because she

12 failed to allege that the amount in controversy requirement exceeded $75,000; and second,

13 because she had failed to plead complete diversity of citizenship.  *See* Dkt. No. 24.

14 Although her amended complaint now includes two claims of fraud that suffice to meet the

15 amount in controversy requirement, Diamos still fails to properly allege diversity of

16 citizenship with regard to the individual partners comprising defendant SLS.  *See* Dkt.

17 No. 26 at ¶ 2.

18      Diamos brings two actions for injunctive relief under Cal. Civ. Code § 2924.12 to

19 enjoin material violations of § 2923.6 (dual-tracking) and § 2923.7 (single point of contact).

20 To measure the amount in controversy for these injunctive claims, the Court looks to the

21 value of the property Diamos seeks to protect.  28 U.S.C. § 1332(a); *Hunt v. Wash. State*

22 *Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or

23 injunctive relief, it is well established that the amount in controversy is measured by the

24 value of the object of the litigation."); *see Graham v. U.S. Bank, N.A.*, No. 13-cv-04613 NC,

25 2013 WL 2285184, at *3 (N.D. Cal. May 23, 2013) (holding in an action seeking injunctive

26 relief against foreclosure of property, that the amount in controversy requirement was met

27 upon a showing that the value of the property at issue and the total amount the plaintiff

28 owed on his loan were each in excess of $75,000).  But Diamos alleges neither the value of

Case No. 13-cv-04997 NC
ORDER GRANTING MOTION TO       3
DISMISS

1  the property nor the amount owed on the mortgage.  *See* Dkt. No. 26.  Therefore, although

2  she alleges there is a "real and justiciable controversy . . . for which money damages would

3  be insufficient," Diamos provides no clarity as to the monetary value of the injunctive relief

4  she seeks and therefore neither claim moves her closer to meeting the amount in

5  controversy requirement.  *Id.* at ¶ 17.

6  　　　　However, in addition to her equitable claims, Diamos newly brings two claims for

7  actual fraud.  In each of these claims, Diamos alleges damages in an amount "not less than

8  seventy-five thousand dollars" as a result of SLS's fraudulent conveyance.  Dkt. No. 26 at

9  ¶¶ 24, 31.  Assuming Diamos can amend her claims of fraud to comply with the pleading

10  requirements of Rule 9(b), these general allegations will suffice to meet the amount in

11  controversy requirement for diversity jurisdiction.  *See St. Paul Mercury Indem. Co. v. Red*

12  *Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by the plaintiff controls if the

13  claim is apparently made in good faith.  It must appear to a legal certainty that the claim is

14  really for less than the jurisdictional amount to justify dismissal."); *see also Crum v. Circus*

15  *Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy

16  is determined from the face of the pleadings.").

17  　　　　Although Diamos's amended complaint now meets the amount in controversy

18  requirement, it fails to establish total diversity of citizenship among the parties.  Diamos's

19  conclusory allegation that SLS is a citizen of Delaware is insufficient, as "like a partnership,

20  an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v.*

21  *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Therefore, to adhere

22  to diversity requirements, Diamos must allege the citizenship of all of SLS's members.  *Id.*

23  Moreover, if any member of SLS is itself a partnership or association (or another LLC), the

24  Court needs to know the citizenship of each "sub-member" as well.  *See id.* at 899 ("[A]n

25  unincorporated association such as a partnership has the citizenships of all of its

26  members.").  However, if "the information necessary to establish the diversity of the

27  citizenship of [SLS is] not reasonably available to [Diamos]," then Diamos may plead the

28  citizenship of SLS upon information and belief.  *Carolina Cas. Ins. Co. v. Team Equip.,*

*Inc.*, 741 F.3d. 1082, 1086 (9th Cir. 2014).  Diamos has not alleged the citizenship of SLS's members, nor that this information is not reasonably available to her, and therefore she has not properly alleged diversity jurisdiction.

**B. Diamos is a Proper Party Under the Homeowner Bill of Rights ("HBOR")**

As an initial matter, SLS argues that the Court should dismiss Diamos's suit because she "is not the title owner of the property" and therefore cannot bring suit to enjoin the foreclosure on her home.  Dkt. No. 27-1 at 6.  However, "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of [§ 2923.6 or § 2923.7]."  Cal. Civ. Code § 2924.12(a)(1).  For the purposes of the relevant sections, a "borrower" is "any natural person who is a mortgager or trustor and who is potentially eligible for any federal state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer."  § 2920.5(c)(1).  It is undisputed that Diamos is a mortgager and SLS is the servicer of Diamos's mortgage, and Diamos therefore has standing to bring suit under HBOR.

**C. SLS's Request for Judicial Notice**

Concurrently with its motion to dismiss, SLS submits a request for judicial notice.  Dkt. No. 28-1.  The submitted documents are purportedly true and correct copies of: 1) a Deed of Trust recorded with the San Mateo County Recorder Office on March 9, 2007; 2) a notice of default (#1) recorded with the San Mateo County Recorder Office on March 25, 2010; 3) a loan modification agreement dated July 15, 2010; 4) a notice of default (#2) recorded with the San Mateo County Recorder Office on April 8, 2011; 5) a notice of default (#3) recorded with the San Mateo County Recorder Office on September 11, 2013; 6) a notice of rescission recorded with the San Mateo County Recorder Office on November 8, 2013; 7) Order to Show Cause, Dkt. No. 33 filed on January 31, 2014; 8) California Civil Code § 2923.7; 9) a Grant Deed recorded with the San Mateo County Recorder Office on January 8, 2009.

Generally, consideration of extrinsic evidence converts a motion to dismiss into a motion for summary judgment.  Fed. R. Civ. P. 12(d).  However, there are two exceptions

to this general rule: first, a court may take notice of any document whose authenticity is not contested and upon which the plaintiff's complaint necessarily relies; second, a court may take judicial notice of public records. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Federal Rule of Evidence 201 permits a court "to judicially notice a fact that is not subject to reasonable debate because it[] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, the Court must not take notice of any facts contained within the records that may be reasonably disputed. *Lee*, 250 F.3d at 688-89.

Accordingly, the Court takes judicial notice of Exhibits 1 and 6 as true and correct copies of official public records. The Court finds that Diamos's complaint necessarily relies on the existence of the Deed of Trust. *See* Dkt. No. 26. Additionally, the Court notes that in her first amended complaint, Diamos acknowledged that SLS has rescinded the notice of default. *See id.* at 4 n.4. Finally, Diamos filed no objection to SLS's request for judicial notice. Therefore, the Court finds no reason to believe there is any dispute over the authenticity of Exhibits 1 and 6, or that there is any dispute of the facts contained within the two exhibits.

The Court declines to take judicial notice of the remaining exhibits: it declines to take notice of Exhibits 2-5 as they are irrelevant to the Court's analysis of SLS's motion to dismiss; it declines to take judicial notice of an order in the docket of this case, as the Court is well aware of an order it issued; and it likewise declines to take notice of a section of California law, as the Court is capable of citing to the relevant law.

**D. Diamos's Individual Causes of Action**

In addition to failing to properly plead subject matter jurisdiction, only Diamos's claim that SLS violated HBOR's single point of contact provision properly states a claim upon which relief may be granted. The second HBOR claim—that SLS engaged in dual tracking—is presently moot, and Diamos's third and fourth claims for intentional and negligent misrepresentation do not meet the heightened pleading requirements for alleging fraud.

1    A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

2  sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a

3  motion to dismiss, all allegations of material fact are taken as true and construed in the light

4  most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th

5  Cir. 1996).  The Court, however, need not accept as true "allegations that are merely

6  conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis.*

7  *Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not allege

8  detailed factual allegations, it must contain sufficient factual matter, accepted as true, to

9  "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

10  544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the

11  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

12  *Iqbal*, 556 U.S. 662, 678 (2009).

13    If a court grants a motion to dismiss, leave to amend should be granted unless the

14  pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203

15  F.3d 1122, 1127 (9th Cir. 2000).

16    **i.  First Cause: Single Point of Contact**

17    Diamos's first cause of action alleges SLS violated HBOR by failing to "establish a

18  single point of contact and provide to [her] one or more direct means of communication

19  with the single point of contact." Cal. Civ. Code § 2923.7.  The requirement is intended to

20  "prevent borrowers from being given the run around." *Rockridge Trust v. Wells Fargo,*

21  *N.A.*, No. 13-cv-01457 JCS, 2013 WL 5428722, at *26 (N.D. Cal. Sept. 25, 2013).

22    In moving to dismiss Diamos's complaint, SLS notes the statute defines "single point

23  of contact" as either "an individual or team of personnel." Dkt. No. 27-1 at 8; *see* Cal. Civ.

24  Code § 2923.7(e).  Therefore SLS argues, because Diamos does not affirmatively allege

25  that the numerous SLS employees she spoke to over a period of two years were not

26  members of a "team of personnel," the Court should dismiss her cause of action.  Dkt. No.

27  27-1 at 8.  But Diamos does not need to affirmatively allege the legal conclusion that she

28  was not provided with a team as her single point of contact, she only needs to allege

1  sufficient facts to reasonably support the inference that the persons she spoke with

2  regarding her loan modification were not members of a team. *See Iqbal*, 556 U.S. at 678.

3  The Court finds that she has done so.

4      In *Mann v. Bank of America, N.A. et al.*, No. 13-cv-02293 CAS, 2014 WL 495617

5  (C.D. Cal. Feb. 3 2014), co-defendant Nationstar LLC argued that the multiple individuals

6  the plaintiffs had interacted with during the loan modification process could have

7  constituted a team. *Mann*, 2014 WL 495617, at *9 n.4.  The court found the plaintiffs had

8  sufficiently alleged that the defendant's personnel handling their loan application "lacked

9  the knowledge and authority to constitute a 'team of personnel' as contemplated by §

10  2923.7(e)." *Id.*  The Court finds Diamos has similarly alleged facts indicating she was not

11  served by a team of personnel.

12      Section 2923.7(b)-(d) lists the specific functions that each individual member of a

13  team of personnel must have the ability and authority to perform.  Additionally each

14  member of the team must be "knowledgeable about the borrower's situation and current

15  status in the alternatives to foreclosure process." § 2923.7(e).  Here the Court finds that

16  Diamos has sufficiently alleged facts to support her claim that the persons SLS provided to

17  "guide" her through the loan modification process lacked the "knowledge and authority" to

18  perform the required statutory responsibilities. *See id.*  Diamos has alleged that she was

19  given contradictory information regarding the status of her loan modification application by

20  several different SLS employees. Dkt. No. 26 at ¶¶ 3-10.  She has alleged that she was

21  "shuttled throughout the organization," and was unable to speak with someone "capable of

22  providing her with a 'straight answer' about the status of her home loan." *Id.* at ¶ 13.  For

23  the purposes of pleading sufficiency, this is enough. *See Iqbal*, 556 U.S. at 678.  Assuming

24  Diamos is able to correct her jurisdictional pleading defects, her claim that SLS violated

25  HBOR's single point of contact provision will survive a Rule 12(b)(6) motion.

26      **ii.  Second Cause: Dual Tracking**

27      Diamos next alleges SLS violated California's law against "dual tracking."  HBOR

28  forbids a mortgage servicer, such as SLS, from "record[ing] a notice of default . . . while

Case No. 13-cv-04997 NC
ORDER GRANTING MOTION TO          8
DISMISS

the [borrower's] complete first loan modification is pending." Cal. Civ. Code § 2923.6(c).

SLS argues that Diamos's second cause of action is now moot, as it rescinded the most recent notice of default. Dkt. No. 27-1, Ex. 6. The Court agrees. In enacting HBOR, the California Legislature provided a safe harbor for mortgage servicers when they correct their illegal behavior. Cal. Civ. Code § 2924.12(c) ("A mortgage servicer, mortgagee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of the trustee's deed upon sale."). Thus, by rescinding the September 2013 notice of default, SLS is currently free of liability stemming from recording that notice of default. *See Jent v. N. Trust Corp.*, No. 13-cv-01684 WBS, 2014 WL 172542, at *5 (E.D. Cal. Jan. 15, 2014) (holding that liability was precluded when defendants had rescinded the notice of default and no trustee's deed upon sale had been recorded); *see also Vasquez v. Bank of Am., N.A.*, No. 13-cv-02902 JST, 2013 WL 6001924, at *7 (N.D. Cal. Nov. 12, 2013) ("[A p]laintiff may not seek remedies under Section 2924.12 that do not apply to the present status of the property.").

Although the cause of action is currently moot, the Court recognizes that should SLS record a notice of default against Diamos while engaged in negotiations over a loan modification, Diamos may again have a live claim against SLS for dual tracking. Therefore, although the Court dismisses Diamos's second cause of action as moot, it does so without prejudice to amend should the factual circumstance change in the future.

**iii. Third and Fourth Causes: Actual Fraud**

In addition to the two claims amended from the first complaint, Diamos newly alleges tort claims for both negligent and intentional misrepresentation. Both negligent and intentional misrepresentation are subspecies of actual fraud. Cal. Civ. Code § 1572. Because Diamos brings this action under diversity jurisdiction, the Court applies California substantive law to the claims of fraud. *See Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938); *see also Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 993 (E.D. Cal. 2012) ("To determine

1  if the elements of fraud have been pleaded to state a cause of action, courts look to state

2  law.").

3      To plead fraud or mistake under Rule 9(b), "a party must state with particularity the

4  circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other

5  conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  "The

6  plaintiff must set forth what is false or misleading about a statement, and why it is false."

7  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed,*

8  *Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)); *see Moore v. Kayport Package*

9  *Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (holding that "[m]ere conclusory

10  allegations of fraud are insufficient.").  "Rule 9(b) ensures that allegations of fraud are

11  specific enough to give defendants notice of the particular misconduct which is alleged to

12  constitute the fraud charged so that they can defend against the charge and not just deny that

13  they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

14  Accordingly, "[t]he complaint must specify such facts as the times, dates, places, benefits

15  received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d

16  666, 672 (9th Cir. 1993).

17      Under California law, the essential elements of a claim for intentional

18  misrepresentation are "a false representation, knowledge of its falsity, intent to defraud,

19  justifiable reliance, and damages." *Vess*, 317 F.3d at 1105.  Negligent misrepresentation

20  differs in that the defendant believes the false representation to be true, but that belief is

21  objectively unreasonable. *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986).  Because

22  Diamos does not plead distinct facts for each alleged cause, the Court addresses Diamos's

23  third and fourth claims in tandem.

24      Both alleged causes of action fail to meet the heightened fraud-specific pleading

25  requirements of Rule 9(b).  To sufficiently plead actual fraud, Diamos must go beyond

26  simply alleging that SLS made a misrepresentation that her loan was in default; she must

27  allege specific facts to support her claim that the statement was false.  If Diamos is alleging

28  that SLS fraudulently misrepresented that her loan was in default, she must provide material

Case No. 13-cv-04997 NC
ORDER GRANTING MOTION TO
DISMISS                                    10

1  facts to support this contention.  A mere conclusory allegation is insufficient.  *See* Fed. R.
2  Civ. P. 9(b); *Vess*, 317 F.3d at 1106.

3       Additionally, Diamos alleges no facts to support her contention that she relied on a
4  false misrepresentation or that she suffered any actual damages as a result of the alleged
5  fraud.  Even if Diamos were to plead facts to establish SLS made a false representation, she
6  only alleges that she was "forc[ed] to *consider* paying all arrearages and late fees and
7  interest that [SLS] contended was due."  Dkt. No. 26 at ¶¶ 22, 29 (emphasis added).
8  Nowhere does Diamos allege she took any specific action in reliance on SLS's
9  representation that her loan was in default, only that she considered taking action.  *Id.*
10 Likewise, damages are an essential element of a fraud claim under California law; here,
11 Diamos has alleged none with specificity.  *See Vess*, 317 F.3d. at 1105.

12 **E. Motion to Strike**

13      SLS moves to strike the new causes of action for actual fraud, Diamos's request for
14 attorney's fees, and the addition of new named defendants.  Dkt. No. 28.  Rule 12(f)
15 provides that a court "may order stricken from any pleading any redundant, immaterial,
16 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion
17 to strike is to avoid the expenditure of time and money that must arise from litigating
18 spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H.*
19 *Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  As the Court is dismissing the complaint for
20 lack of subject matter jurisdiction and granting leave to amend any causes of action alleged
21 in the first amended complaint, the Court denies the motion to strike as moot.

22                                  **III. CONCLUSION**

23      The Court dismisses Diamos's amended complaint for lack of subject matter
24 jurisdiction.  However, the Court grants Diamos an additional opportunity to properly allege
25 subject matter jurisdiction and to amend her pleadings in the areas where Diamos can
26 properly allege facts sufficient to support a cause of action.  Diamos has fourteen days to
27 file an amended complaint curing the deficiencies in her pleadings.

28

1    IT IS SO ORDERED.

2    Date:  July 7, 2014

3                                          _____
                                           Nathanael M. Cousins
4                                          United States Magistrate Judge