1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

11
12
13
14
15
16

| | |
|---|---|
| TINA DIAMOS, <br><br> Plaintiff, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING LLC, and others, <br><br> Defendants. | Case No. 13-cv-04997 NC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 38 |

17
18
19
20
21
22
23
24
25
26
27
28

    Plaintiff Tina Diamos brings this action as a borrower under California's Homeowner Bill of Rights, alleging violations by defendant Specialized Loan Servicing in processing her application for a loan modification. Specifically, Diamos first claims that SLS failed to provide her with a single point of contact regarding the status of her property; instead, Diamos alleges that SLS directed her over a period of time to multiple representatives, each of whom gave her conflicting information regarding what it would take to avoid foreclosure. Secondly, Diamos brings a claim for attorneys' fees as a remedy for SLS's alleged violation of another provision of the California homeowner's rights statute. SLS now moves to dismiss Diamos' claims for lack of subject matter jurisdiction and for failure to state a claim.

1
2
3
4
5

Because Diamos failed to properly allege complete diversity between the parties, the Court dismisses her Second Amended Complaint with leave to amend due to lack of subject matter jurisdiction. To prevent a fourth deficient complaint, the Court also addresses the merits of SLS's motion to dismiss Diamos' two claims under the state Homeowner Bill of Rights.

6

## I. BACKGROUND

7
8
9
10
11
12

In March 2007, Diamos took out a loan secured by her home property in Woodside, CA. Dkt. No. 27-2, Ex. 1. On August 20, 2012, Diamos submitted a complete loan modification application to SLS. Dkt. No. 37 at ¶ 3. A month later, she spoke with an SLS agent who informed her that the application had not been recorded in SLS's system. *Id.* Given this information, Diamos then completed and submitted a second application to SLS, which SLS confirmed it received. *Id.*

13
14
15
16
17
18
19
20

While awaiting the results from this application, Diamos received a letter from SLS informing her that her property was being referred for foreclosure. *Id.* at ¶ 5. When she attempted to clarify the situation, Diamos received conflicting information from multiple SLS employees. *Id.* at ¶¶ 5-6. Confused as to the real status of her application, Diamos finally spoke with a SLS supervisor on March 14. *Id.* at ¶ 6. The supervisor told her that certain documents essential to her previous application had "expired"; she therefore needed to complete a third application. *Id.* at ¶ 7. While this third completed application was still pending, SLS recorded a notice of default on September 12, 2013. *Id.* at ¶ 9.

21
22
23
24
25
26

After receiving notification of this default notice, Diamos contacted SLS, which informed her that her application was still under review. *Id.* Supposedly, no foreclosure procedures were pending against her property. *Id.* Still, SLS asked her to submit a new— her fourth—application for a loan modification. *Id.* at ¶ 10. Diamos then filed her original complaint in this action on October 24, 2013. *Id.* SLS subsequently rescinded the notice of default. *Id.* at ¶ 17.

27
28

SLS moved to dismiss Diamos' original complaint for failure to state a claim. Dkt. No. 9. But before addressing the merits of SLS's motion, this Court determined it lacked

subject matter jurisdiction and dismissed the original complaint with leave to amend.  Dkt. No. 27.  Diamos filed a First Amended Complaint on February 13, 2014.  Dkt. No. 26.  The Court granted SLS's motion to dismiss that complaint as well, again for lack of subject matter jurisdiction.  Dkt. No. 36.

## II. JURISDICTION

As an initial matter, both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c).  Dkt. No. 17.

### A.    Diversity Jurisdiction

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1331; 28 U.S.C. § 1332(a).  Thus, for this Court to maintain jurisdiction, Diamos' complaint must involve either a federal question or establish complete diversity between the parties.  Here, Diamos seeks to establish diversity jurisdiction.

The Court previously dismissed the injunctive relief claims in Diamos' First Amended Complaint on jurisdictional grounds for two reasons: first, because she failed to allege that the amount in controversy requirement exceeded $75,000; and second, because she had failed to plead complete diversity of citizenship.  *See* Dkt. No. 36.  Although her Second Amended Complaint now includes a claim that satisfies the amount in controversy requirement, Diamos still fails to properly allege diversity of citizenship.

### i.    Amount in Controversy

Diamos brings an action for injunctive relief under the state Homeowner Bill of Rights based on SLS's failure to provide Diamos with a single point of contact.  Cal. Civ. Code § 2923.7.  Diamos also seeks attorneys' fees under California Civil Code § 2923.6, which prohibits a practice known as "dual tracking."  *See* Section IV.B.

In order to measure the amount in controversy for these claims, the Court looks to the

1   value of the property Diamos seeks to protect.  28 U.S.C. § 1332(a); *Hunt v. Wash. State*

2   *Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or

3   injunctive relief, it is well established that the amount in controversy is measured by the

4   value of the object of the litigation."); *see Graham v. U.S. Bank, N.A.*, No. 13-cv-04613 NC,

5   2013 WL 2285184, *3 (N.D. Cal. May 23, 2013) (holding in an action seeking injunctive

6   relief against foreclosure of property, that the amount in controversy requirement was met

7   upon a showing that the value of the property at issue and the total amount the plaintiff

8   owed on his loan were each in excess of $75,000).

9       Here, though Diamos alleges neither the exact value of the property nor the amount

10  owed on the mortgage, she does state that the real property at issue is "valued well in excess

11  of seventy-five thousand dollars, and the promissory note secured by the real property also

12  exceeds seventy-five thousand dollars."  Dkt. No. 37 at 2.  This statement satisfies the

13  amount in controversy requirement.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

14  U.S. 283, 288-89 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is

15  apparently made in good faith.  It must appear to a legal certainty that the claim is really for

16  less than the jurisdictional amount to justify dismissal.").

17      Of course, while Diamos does go on to state in her response to SLS's motion to

18  dismiss that the property's value is $1.7 million, the Court focuses primarily on what she

19  states in her complaint.  *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir.

20  2000) ("Generally, the amount in controversy is determined from the face of the

21  pleadings.").

22          **ii.   Citizenship**

23      Additionally, Diamos must allege the citizenship of all of SLS's members to establish

24  total diversity of citizenship among the parties.  That's because, as an LLC, SLS is a

25  "citizen of every state of which its owners/members are citizens."  Dkt. No. 36 (quoting

26  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).  Yet, as

27  this Court stated in its prior order, if "the information necessary to establish the diversity of

28  the citizenship of [SLS is] not reasonably available to [Diamos]," she may plead the

Case No. 13-cv-04997 NC
ORDER GRANTING MOTION TO          4
DISMISS

1    citizenship of SLS upon information and belief.  Dkt. No. 36 at 4 (quoting *Carolina Cas.*
2    *Ins. Co. v. Team Equip., Inc.*, 741 F.3d. 1082, 1086 (9th Cir. 2014)).

3         Here, Diamos has alleged neither the citizenship of SLS's members nor that this
4    information is not reasonably available to her.  Instead she alleges on information and belief
5    that all members of the LLC are citizens of states other than California because the
6    citizenship of SLS's members is "not presently available."  Dkt. No. 37 at ¶ 2.  However,
7    "not presently available" is not tantamount to "not reasonably available."  Because Diamos
8    has not alleged that this information is "not reasonably available" to her, she has not
9    satisfied the complete diversity requirement.

10        Therefore, the Court dismisses Diamos' Second Amended Complaint with leave to
11   amend.

12                                  **III.  LEGAL STANDARD**

13        A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
14   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a
15   motion to dismiss, all allegations of material fact are taken as true and construed in the light
16   most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th
17   Cir. 1996).  The Court, however, need not accept as true "allegations that are merely
18   conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis.*
19   *Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not allege
20   detailed factual allegations, it must contain sufficient factual matter, accepted as true, to
21   "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.
22   544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the
23   reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*
24   *Iqbal*, 556 U.S. 662, 678 (2009).

25        If a court grants a motion to dismiss, leave to amend should be granted unless the
26   pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203
27   F.3d 1122, 1127 (9th Cir. 2000).

28

1

2

## IV.  DISCUSSION

### A.    California Civil Code § 2923.7: Single Point of Contact

3

4

5

6

7

8

9

10

Diamos' first cause of action alleges SLS violated the California Homeowner Bill of Rights by failing to provide a "single point of contact."  Indeed, the statute states: "*Upon request* from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."  Cal. Civ. Code § 2923.7 (emphasis added).  The requirement is intended to "prevent borrowers from being given the run around."  *Rockridge Trust v. Wells Fargo, N.A.*, No. 13-cv-01457 JCS, 2013 WL 5428722, *26 (N.D. Cal. Sept. 25, 2013).

11

12

13

14

15

16

Here, while the Second Amended Complaint indicates that SLS repeatedly directed Diamos to different representatives, the complaint never alleges that Diamos made a specific request for a single point of contact as required by § 2923.7.  *See, e.g., Williams v. Wells Fargo Bank, NA*, 2014 WL 1568857, *1 (C.D. Cal. Jan. 27, 2014) (dismissing California Business and Professions Code § 17200 claim, predicated on violation of § 2923.7, because plaintiffs never alleged they requested a single point of contact).

17

18

Because Diamos does not allege that she made such a request, the Court grants SLS's motion to dismiss with leave to amend.

19

### B.    California Civil Code § 2923.6(c): Attorneys' Fees

20

21

22

This section of the Homeowner Bill of Rights forbids a mortgage servicer from engaging in "dual tracking" or "record[ing] a notice of default . . . while the [borrower's] complete first loan modification is pending."  Cal. Civ. Code § 2923.6(c).

23

24

25

26

27

28

In a previous order, this Court ruled Diamos' dual-tracking claim moot.  Dkt. No. 36 at 9.  SLS had rescinded the most recent notice of default, which limited its exposure to liability stemming from the recording of that notice of default.  *Id.* (citing *Jent v. N. Trust Corp.*, No. 13-cv-01684 WBS, 2014 WL 172542, *5 (E.D. Cal. Jan. 15, 2014) (holding that liability was precluded when defendants had rescinded the notice of default and no trustee's deed upon sale had been recorded)).  Nonetheless, Diamos now argues she is "entitled to

attorneys' fees and costs incurred in procuring this correction, as provided under the California HBOR." Dkt. No. 37 at ¶ 17.

Under § 2924.12, the California legislature added specific remedies for borrowers, including injunctive relief and damages, for any material violation of certain sections in the Homeowner Bill of Rights, including § 2923.6 (dual tracking). Cal Civ. Code § 2924.12. The court may also award a "prevailing borrower" reasonable attorneys' fees and costs. Cal. Civ. Code § 2924.12(i). A borrower "prevails" if he or she "obtained injunctive relief or was awarded damages" under § 2924.12. *Id.* However, the foreclosing entity is not liable for any violation of § 2923.6—or for any of the enumerated sections in § 2924.12— that has been corrected before the recordation of the trustee's deed. Cal. Civ. Code § 2924.12(c).

In this case, a trustee's deed upon sale has not been recorded. Indeed, both parties agree that SLS rescinded the notice of default on Diamos' property. Dkt. No. 38-1 at 7; Dkt. No. 40 at 4.

In fact, Diamos "may not seek remedies under Section 2924.12 that do not apply to the present status of the property." *Vasquez v. Bank of America, N.A.*, No. 13-CV-02902 JST, 2013 WL 6001924, *7 (N.D. Cal. Nov. 12, 2013) (finding that remedies under § 2924.12 for violations of § 2923.6 "depend upon whether a trustee's deed has or has not been recorded"). Because no trustee's deed upon sale has been recorded on the property, Diamos' attorneys' fees claim is unavailable under the Homeowner Bill of Rights.

Moreover, Diamos does not constitute a "prevailing borrower" under § 2924.12(i), a necessary condition for an attorneys' fees award; she has neither obtained injunctive relief nor been awarded damages under any part of the sections listed in § 2924.12.

In short, because the remedies under § 2924.12 do not apply to the present status of the property, and Diamos is not a "prevailing borrower," Diamos does not have a viable claim for attorneys' fees.

## C.    Request for Judicial Notice

Along with its motion to dismiss, SLS submits a request for judicial notice of four

documents, Dkt. No. 38-2, two of which this Court already took judicial notice of as true and correct copies of official public records, Dkt. No. 36 at 5-6.  This includes Exhibit 3, a Deed of Trust recorded with the San Mateo County Recorder Office on March 9, 2007, and Exhibit 2, a notice of recession recorded on November 8, 2013.  Because the other two documents—the Notice of Default and the Court's previous order granting SLS's motion to dismiss—are irrelevant to the Court's current analysis, the Court declines to take judicial notice of Exhibits 1 and 4.

## V.  CONCLUSION

The Court dismisses Diamos' Second Amended Complaint for lack of subject matter jurisdiction.  However, the Court grants Diamos an additional opportunity to properly allege diversity jurisdiction and to amend her pleadings with regard to her claim under § 2923.7 in accordance with this order.  Diamos has 14 days to file a third amended complaint without the deficiencies identified above.

IT IS SO ORDERED.

Date:  November 7, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge