UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA DIAMOS,<br><br>   Plaintiff,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>   Defendant. | Case No. 13-cv-04997-NC<br><br>**AMENDED ORDER GRANTING IN PART MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 59 |

  Plaintiff Tina Diamos alleges defendant Specialized Loan Service violated the California Homeowner Bill of Rights in processing her loan modification application. Specifically, Diamos claims that SLS failed to provide her with a single point of contact regarding her home's status. Additionally, Diamos brings a claim under § 17200 of the California Business and Professions Code as well as a negligence claim against SLS. SLS now moves to dismiss all of Diamos' claims.

  Like in her Third Amended Complaint, because Diamos fails to properly allege damages or economic injury that resulted from SLS's failure to assign her a single point contact, the Court DISMISSES Diamos' § 17200 claim with prejudice. Additionally, because Diamos has not alleged facts sufficient to establish that SLS owed her a duty of care, the Court DISMISSES her negligence claim with prejudice. But because Diamos fixed the deficiencies in her single-point-of-contact claim that the Court identified in a previous order, Dkt. No. 44 at 6, the Court DENIES SLS's motion to dismiss Diamos'

Case No.: 13-cv-04997-NC

single-point-of-contact claim.

## I.   BACKGROUND

The factual allegations in Diamos' latest complaint do not differ significantly from her past complaints. In March 2007, Diamos took out a loan secured by her home property located in Woodside, CA. Dkt. No. 27-2, Ex. 1. On August 20, 2012, Diamos submitted a complete loan modification application to SLS. Dkt. No. 58 at ¶ 3. From then on, Diamos claims that SLS failed to provide her with a single point of contact under California Civil Code § 2923.7; instead, she alleges that SLS directed her to multiple representatives, each of whom gave her conflicting information regarding how to avoid foreclosure and whether SLS ever received her loan modification application. *Id.* at ¶¶ 3-8. SLS recorded a notice of default on September 12, 2013. *Id.* at ¶ 9. Still, Diamos states that an SLS representative told her that no "foreclosure activity" was pending against her property, and she again submitted a new—by that time her fourth—application for a loan modification. *Id.* at ¶¶ 9- 10. Diamos then filed her original complaint in this action on October 24, 2013. Dkt. No. 1.

SLS moved to dismiss Diamos' original complaint for failure to state a claim. Dkt. No. 9. But before addressing the merits of SLS's motion, this Court determined it lacked subject matter jurisdiction. Dkt. No. 27. Diamos filed a First Amended Complaint on February 13, 2014. Dkt. No. 26. The Court granted SLS's motion to dismiss that complaint as well, again for lack of subject matter jurisdiction. Dkt. No. 36. Diamos then filed a Second Amended Complaint on July 14, 2014. Dkt. No. 37. Once more, the Court granted SLS's motion to dismiss that complaint for failure to allege subject matter jurisdiction. Additionally, the Court addressed Diamos' claim for attorneys' fees under Cal. Civ. Code § 2923.6(c), which it found deficient. Diamos subsequently filed a Third Amended Complaint. Because Diamos failed to properly allege damages or economic injury that resulted from SLS's failure to assign her a single point contact, this Court dismissed her § 17200 cause of action with leave to amend. Dkt. No. 57.

Case No.: 13-cv-04997-NC         2

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

SLS moves to dismiss Diamos' three claims: (1) SLS's failure to assign Diamos a single point of contact under California Civil Code § 2923.7; (2) her § 17200 claim premised on SLS's alleged violation of California Civil Code § 2923.7 and SLS's negligence; and (3) SLS's negligent mishandling of Diamos' loan modification application.

First, this Court DENIES SLS's motion to dismiss Diamos' single-point-of-contact claim under California Civil Code § 2923.7. This Court already stated in its past order dismissing Diamos' Second Amended Complaint for jurisdictional defects that Diamos nonetheless properly alleged that the SLS individuals she spoke with did not constitute a "team of personnel." Dkt. No. 36 at 8. Diamos also alleges that she "demand[ed] to speak with a single person at SLS who has knowledge about her loan modification application."

Case No.: 13-cv-04997-NC            3

Dkt. No. 58 at ¶ 3; *cf.* Dkt. No. 44 at 6 (order dismissing single-point-of-contact claim because "the complaint never alleges that Diamos made a specific request for a single point of contact as required by § 2923.7.") (citation omitted).

Nonetheless, SLS points to the reasoning in *Johnson v. PNC Mortgage*, No. 14-cv-02976 LB, 2014 WL 3962662, at *12 (N.D. Cal. Aug. 12, 2014), which this Court relied upon in dismissing Diamos' § 17200 claim in its prior order, Dkt. No. 57 at 5-6, arguing that Diamos failed to properly allege economic damages. But *Johnson* involved not a specific single-point-of-contact claim under § 2923.7; instead, plaintiff-borrowers in that case brought a § 17200 claim premised on the loan servicer's failure to assign a single point of contact under § 2923.7. *Johnson*, 2014 WL 3962662, at *11-12. In other words, the operative claim in *Johnson* involved § 17200, which SLS correctly states requires Diamos to establish economic injury to have standing. Section 2923.7, however, does not require that Diamos establish economic injury to sufficiently allege a valid cause of action.

In contrast to Diamos' first cause of action, the Court DISMISSES Diamos' second cause of action for the same reason that it dismissed Diamos' § 17200 claim in its prior order: "because [Diamos has] not established that [her] alleged injuries were caused by a section 2923.7 violation, [she] lack[s] standing to assert this claim and the [C]ourt grants the motion to dismiss it." Dkt. No. 57 at 6 (quoting *Johnson*, 2014 WL 3962662, at *12) (internal quotations omitted). In alleging economic damages, Diamos continues to describe SLS's actions as only "severely potentially injurious" because she "stood to lose her family's home to foreclosure . . . ." *Compare* Dkt. No. 58 at ¶ 16 (Fourth Amended Complaint) with Dkt. No. 45 at ¶ 16 (Third Amended Complaint); *see also* Dkt. No. 57 at 6 (order dismissing Third Amended Complaint because "[i]t is unclear from the complaint what exactly these damages consist of").

To be sure, Diamos now alleges that she "lost the possibility of receiving a loan modification," was "deterred from seeking other remedies," and "experienced serious damage to her credit." Dkt. No. 58 at ¶ 21. But as in its prior order, the Court still "finds a tenuous connection between these alleged economic injuries and SLS's failure to abide by

§ 2923.7." Dkt. No. 57 at 5-6 (comparing Diamos' alleged economic injuries with the speculative nature of the alleged injuries in *Johnson*).

Finally, the Court DISMISSES Diamos' third cause of action for negligence. To begin with, the Court did not give Diamos leave to add a new cause of action for the first time during its fifth redo. Even if it did, Diamos' negligence claim still fails.

"The threshold element of a cause of action for negligence is the existence of a duty to use due care." *Paz v. State of Cal*, 22 Cal.4th 550, 559 (2000) (internal citation omitted). As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1095-96 (1991) (citation omitted). The test for determining whether a financial institution exceeded its role as money lender and thus owes a duty of care to a borrower-client involves "the balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." *Id*. at 1098.

These are the same factors that the court in *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 946 n.5 (2014), relied upon to find that a duty of care existed between lender and borrower in the mortgage-foreclosure context. Diamos cites to this case for the proposition that SLS "breached its duty to Diamos by badly bungling the loan modification process." Dkt. No. 58 at ¶ 21 (citing *Alvarez*, 228 Cal. App. 4th at 949).

In *Alvarez,* the Court found that the factors "weigh[ed] in favor of duty" because, among other allegations, plaintiffs alleged that defendants' failure to timely and carefully process the loan modifications caused them to lose title to their home. 228 Cal. App. 4th at 948-49.

Here, in contrast, Diamos makes no allegation that SLS actually foreclosed on her

Case No.:13-cv-04997-NC          5

home.  Instead, SLS's actions were only "severely potentially injurious" as Diamos "stood to lose her family's home to foreclosure . . . ."  Dkt. No. 58 at 8.  Consequently, at the very least, factors three and four—the degree of certainty that the plaintiff suffered injury, and the closeness of the connection between the defendant's conduct and the injury suffered—weigh heavily against the existence of a duty.  Without alleging facts to tip these injury-related factors in her favor, the Court finds Diamos has not alleged sufficient facts to establish that SLS owed her a duty of care.

## IV.  CONCLUSION

The Court DENIES SLS's motion to dismiss Diamos's single-point-of-contact claim, but GRANTS SLS's motion to dismiss Diamos' § 17200 and negligence claims.  Because Diamos failed to correct deficiencies that the Court identified in its prior order as to the § 17200 claim, it is dismissed with prejudice.  And because Diamos has not alleged sufficient facts to establish a duty of care, her negligence claim—brought for the first time in her Fourth Amended Complaint without leave of the Court—is dismissed with prejudice.

The Court declines SLS's request for judicial notice of certain documents, Dkt. No. 59-2; the Court did not consider these documents in its analysis.

**IT IS SO ORDERED.**

Dated:  May 31, 2015                    _____
                                        NATHANAEL M. COUSINS
                                        United States Magistrate Judge

Case No.: 13-cv-04997-NC           6