WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Ronald M. Arlas, Esq., SBN 59091
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200

WRIGHT, FINLAY & ZAK, LLP
Ronald M. Arlas, Esq. SBN 59091
907 Sir Francis Drake Blvd.
Kentfield, Ca. 94904
Tel: 415/230-4350; Fax: 415/455-0370
rarlas@wrightlegal.net

Attorneys for Defendant SPECIALIZED LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA DIAMOS,<br><br>             Plaintiff<br><br>        v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br>et al.<br><br>             Defendants | Case No. 3:13-CV-04997-NC<br><br>ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S FOURTH AMENDED COMPLAINT |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE** that defendant SPECIALIZED LOAN SERVICING, LLC ("Defendant" or "SLS"), hereby responds to the complaint ("complaint") of plaintiff TINA DIAMOS ("plaintiff") as follows:

## DENIAL

Any allegation not specifically admitted by defendant is hereby denied. Defendant maintains its assertion that plaintiff is unable to state a claim upon which relief can be granted against defendant.

1

## ANSWER

2     1.      With regards to ¶1, SLS states that it does not have sufficient information to answer,

3  and based on that lack of information denies each and every allegation contained in this paragraph.

4     2.      With regards to ¶2, SLS admits to the venue and jurisdiction of this Court over this

5  action though it also states that it does not have sufficient information to answer, and based on that

6

7  lack of information denies each and every **other** allegation contained in this paragraph.

8     3.      With regards to ¶¶3 and 4, SLS states that it does not have sufficient information to

9  answer, and based on that lack of information denies each and every allegation contained in these

10 paragraphs, though it asserts that it never had a "complete" loan modification application from

11 plaintiff as alleged by plaintiff in ¶3.

12

13    4.      With regards to ¶5, SLS states that it does not have sufficient information to answer,

14 and based on that lack of information denies each and every allegation contained in this paragraph

15 with regards to the allegations that a letter was supposedly sent in March, 2013 informing plaintiff

16 that the property was being referred to foreclosure.

17    5.      With regards to ¶¶6, 7 & 8, SLS states that it does not have sufficient information to

18 answer, and based on that lack of information denies each and every allegation contained in these

19

20 paragraphs though it asserts that it never had a "complete" loan modification application from

21 plaintiff as alleged by plaintiff in ¶8.

22    6.      With regards to ¶9, SLS states that it does not have sufficient information to answer

23 as to when plaintiff received the Notice of Default it caused to be recorded on 9/12/2013, and based

24 on that lack of information denies each and every allegation contained in this paragraph.

25

26

27

28

ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT

7. With regards to ¶¶10 and the second number 10, SLS states that it does not have sufficient information to answer, and based on that lack of information denies each and every allegation contained in these paragraphs.

### "First Cause of Action: Violation of the Homeowner's Bill of Rights
### Single Point of Contact

8. With regards to ¶11, SLS incorporates by reference all of its statements in ¶¶1-7 above.

9. With regards to ¶12, SLS states that it does not have sufficient information to answer as to the legislative purpose of the HOBR "single point of contact ("SPOC") statute but does admit that CA CC §2923.7(a) is a SPOC statute.

10. With regards to ¶13, SLS denies that it breached CC §2923.7(a) and further denies each and every other allegation contained in this paragraph.

### PRAYER FOR RELIEF

11. With regards to the relief requested by plaintiff in her Prayer, SLS denies that she is entitled to any of the relief so requested

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's original complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action, or causes of action, against defendant. This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's original complaint, and each and every cause of action therein, fails to state a cause of action or causes of action appropriate for equitable relief against defendant. This defense is alleged in the alternative and does not admit any of the allegations contained in the original

ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT

complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff cannot state a claim for damages to her credit as she signed the original Loan and the subsequent loan modification which is in undisputed default.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed and refuses to reduce and mitigate her alleged damages arising from the matters referred to in the original complaint.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent and at fault in and about the matters complained of, and such carelessness, negligence and fault, proximately and concurrently caused the alleged damages sustained by plaintiff, and under the principles of comparative fault, plaintiff must bear sole or partial responsibility for her injuries, damaged, and/or other alleged loss, if any there be, based on the percentage allocation of plaintiff's fault or negligence.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

## SIXTH AFFIRMATIVE DEFENSE

Defendant denies that plaintiff is entitled to any relief for which she prays.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's original complaint, and each and every cause of action therein, is barred by reason of plaintiff's conduct, actions and inactions, which amount to and constitute a waiver of any right plaintiff might have in reference to the matters and things alleged in the original complaint.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's original complaint, and each and every cause of action therein, is barred by plaintiff's own conduct, actions and inaction, which constitute an estoppel of the causes of action, or any relief, as sought therein.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's original complaint and each and every cause of action therein, is barred by the equitable doctrine of laches.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's original complaint and each and every cause of action therein, is barred by the equitable doctrine of unclean hands.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot establish all of the elements to each cause of action in the Complaint

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's original complaint, and each and every cause of action therein, is barred in whole or in part in that the damage or damages alleged therein were not proximately caused by the alleged acts, omissions or transactions supposed done by defendant as set forth in the original complaint. Instead, defendant is informed and believes, and thereupon alleges, that plaintiff's original complaint is barred in whole or part in that plaintiff, by virtue of her own acts and/or the act or omissions of others chargeable to her, such as any her agent of hers, failed to exercise the quality of care and

ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT

causation for which a reasonable individual in the same or similar circumstances would have exercised; said failure and negligence of plaintiff or her agents, by virtue of her own acts and/or the acts or omissions of others chargeable to them, proximately caused and contributed to the alleged damages; and any recovery by plaintiff should thereby be diminished or barred.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiff are barred, in whole or in part, because defendant acted at all relevant times in good faith and in compliance with all applicable state and federal laws, statutes, regulations, guidelines and official staff interpretations, including but not limited to the TILA, Reg. Z, and all Official State Interpretations thereof.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the damages claimed by plaintiff in the Fourth Amended Complaint are uncertain and thereby preclude calculation and recovery thereof.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's original complaint, and each and every cause of action therein, is barred in that at all times defendant acted in good faith.  This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times herein relevant, defendant complied with all relevant federal, state and local statutes with regards to the origination and/or servicing of any and all loans secured by real property

ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT

owned by plaintiffs herein that is the subject of this action. This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All claims against defendant are barred because all information defendant communicated to any third person regarding plaintiff was true.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that plaintiff's injuries, if any, were proximately and concurrently caused or contributed to by the fraud, deceit or other wrongful misconduct of persons or entities for which defendant is not responsible. This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred as against defendant because plaintiffs have failed to allege that they have a good-faith ability to tender the necessary amounts to obtain the relief sought in some of her causes of action. This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### TWENTIETTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereupon alleges that plaintiff ratified the acts of defendant. This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted by plaintiff are barred, in whole or in part, because plaintiff, by virtue of her own acts and/or omissions gave her consent, express or implied, to the acts, omissions, conduct and the terms of the transactions of which she now complains. This defense is alleged in the

ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT

alternative and does not admit any of the allegations contained in the original complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, answering defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Accordingly, answering defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate. This defense is alleged in the alternative and does not admit any of the allegations contained in the original complaint.

Wherefore, defendant asks judgment as follows:

1.      That plaintiff takes nothing by her original complaint or any claim for relief therein;

2.      That the original complaint as against defendant be dismissed with prejudice;

3.      That defendant be awarded its costs and attorney's fees herein; and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: June 10, 2015

By: _____/s/Ronald M. Arlas, Esq.___
T. Robert Finlay, Esq.,
Ronald M. Arlas, Esq., Attorneys for
Defendant Specialized Loan Servicing, LLC

ANSWER OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT

### CERTIFICATE OF SERVICE

I, Catherine Lawler, declare as follows:

I am employed in the County of Marin, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 907 Sir Francis Drake Blvd., Kentfield, CA 94904.

On June 10, 2015, I served the within **DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT** on all interested parties in this action as follows:

Aldon L. Bolanos, Esq.
Law Offices of Aldon L. Bolanos
700 E Street
Sacramento, CA 95814
Telephone:  (916)  446-2800
E-Mail:  aldon@aldonlaw.com
**Attorney for Plaintiff**
**TINA DIAMOS**

[X]     (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing.

[X ]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 10, 2015, at Kentfield, California.

Catherine Lawler

---
1

**CERTIFICATE OF SERVICE**