UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA DIAMOS,<br><br>          Plaintiff,<br><br>     v.<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.,<br><br>          Defendants. | Case No. 13-cv-04997 NC<br><br>**ORDER DENYING ATTORNEY ALDON BOLANOS' MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 128 |

Plaintiff's attorney Aldon Bolanos moves for reconsideration of the Court's order imposing discovery sanctions on him in the amount of $7,701.00. *See* Dkt. No. 125. Bolanos claims that he and his client never consented to the jurisdiction of a magistrate judge, that Bolanos was not attorney of record when the misconduct occurred, and that the appropriate parties to sanction were his client Tina Diamos and his colleague, attorney Walter Dauterman. Dkt. No. 128. Because Bolanos has not provided grounds for reversing the imposition of sanctions against him under the requirements of Federal Rule of Civil Procedure 60, his request for reconsideration is DENIED.

I.    PROCEDURAL HISTORY

On January 22, 2016, the Court granted Diamos' motion for voluntary dismissal of the sole remaining claim in her case without prejudice, but conditioned dismissal upon Diamos reimbursing Specialized $1,079.20, "in partial remedy for the discovery sanctions sought by Specialized in docket entries 102 and 103." Dkt. No. 67 at 2. Specialized had

Case No. 13-cv-04997 NC

moved for sanctions against Diamos and her attorneys to recover costs and attorneys' fees resulting from failures to appear at the depositions of Diamos and her husband and the last minute cancelation of Specialized's person most knowledgeable deposition. *See* Dkt. Nos. 102, 103.

The Court postponed ruling on Specialized's sanctions request against attorney Bolanos because he was suspended and could not practice law again in California until February 25, 2016. Dkt. No. 117 at 2. The Court stated that it did "not intend to resolve the sanctions motions against Mr. Bolanos without his participation." *Id*. It ordered Bolanos to respond to the motions for sanctions by March 11, 2016. *Id*.

On February 17, 2016, Bolanos, represented by an attorney, filed a declaration in opposition to the motion for sanctions against him. Dkt. No. 120. The Court granted Specialized's motion and sanctioned Bolanos $7,701.00. Dkt. No. 125. The Court then entered judgment on February 29, 2016. Dkt. No. 126. Bolanos now moves for reconsideration of the Court's order granting Specialized's motion for sanctions against him.

## II.  LEGAL STANDARD

Bolanos moves for reconsideration under Federal Rule of Civil Procedure 60. Rule 60 provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## III.  DISCUSSION

Bolanos makes several claims for reconsideration of the sanctions against him

Case No. 13-cv-04997 NC        2

1   under Rule 60.  Bolanos claims (1) that he and his client never consented to the jurisdiction
2   of a magistrate judge, rendering the Court's rulings void, (2) that Bolanos was not attorney
3   of record when the misconduct occurred and therefore the Court lacked the power to
4   sanction him, and (3) that the appropriate parties to sanction were his client Tina Diamos
5   and his colleague, attorney Walter Dauterman, who is since deceased.  However, because
6   his arguments do not address the requirements for reconsideration under Rule 60(b), his
7   motion is denied.

### A.   Jurisdiction Over Bolanos

First, Bolanos claims that his client Tina Diamos never consented to the jurisdiction of this Court.  Therefore, according to Bolanos, "the first argument for reconsideration is a failure of jurisdiction."  Dkt. No. 128-1 at 1.  However, Bolanos signed a filing dated January 21, 2014, stating, "All parties consent to having the magistrate judge conduct all further proceedings including trial and entry of judgment."  *See* Dkt. No. 17 at 6.  His argument that plaintiff Diamos has not consented to the jurisdiction of a magistrate judge is therefore without merit.

Bolanos later states that "Mr. Bolanos never consented to the jurisdiction of a magistrate judge to adjudicate matters regarding him personally."  Dkt. No. 128 at 2.  First, this argument fails for the same reason as his argument regarding his client—the consent stated at docket 17.  As attorney of record appearing before the Court on behalf of his client, Tina Diamos, Bolanos' professional conduct was subject to this Court's jurisdiction under 28 U.S.C. § 636(c)(1) conferring the power to conduct "any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" after the written consent of the parties.

Moreover, Bolanos has been sanctioned under 28 U.S.C. § 1927, which states:
> Any attorney or other person admitted to conduct cases in any *court of the United States* or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by *the court* to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (emphasis added).

The definition of "court of the United States" can be found at 28 U.S.C. § 451,

Case No. 13-cv-04997 NC                    3

which states:

> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and *any court created by Act of Congress the judges of which are entitled to hold office during good behavior*. (emphasis added).

Magistrate courts are courts "created by an Act of Congress," specifically the Federal Magistrates Act, 28 U.S.C. § 631 et seq. *Mathews v. Weber*, 423 U.S. 261, 266 (1976) (stating that "Congress in 1968 enacted the Federal Magistrates Act" and outlining statutory history). If Bolanos' filing consenting on his client's behalf to magistrate jurisdiction under 28 U.S.C. § 636(c) did not confer jurisdiction over Bolanos in his capacity as attorney of record, then the plain language of 28 U.S.C. § 1927, read in conjunction with 28 U.S. Code § 451, provides a jurisdictional basis for the Court to sanction him personally. *See Lee v. The Pep Boys-Manny Moe & Jack of California*, No. 12-cv-05064 JSC, 2015 U.S. Dist. LEXIS 170352 (N.D. Cal. Dec. 21, 2015) (magistrate court levying sanctions against attorney under 28 U.S.C. § 1927 in a consent case).

Second, Bolanos claims that he was "not attorney of record and did not participate in any way whatsoever with the December 16, 2015, telephone conference with the judge or with the failure to appear at the deposition ordered on December 17, 2015, yet the court has ordered a discovery sanction against Bolanos for events in which he did not participate." Dkt. No. 128 at 2. However, Bolanos failed to file a motion to withdraw as attorney of record on the case. He filed a document entitled "Notice of Suspension" at docket 92 of the record, dated December 15, 2015, but did not otherwise move to withdraw as the attorney of record. Local Rule 11-5(a) states, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Bolanos' filing stating his suspended status was not equivalent to requesting and being granted leave from the Court to officially withdraw as attorney of record. It was also untimely. *See* Dkt. No. 125.

Therefore, the Court finds that its order sanctioning Bolanos was not void due to

Case No. 13-cv-04997 NC   4

lack of jurisdiction over him.  Fed. R. Civ. P. 60(b)(4).

**B.     Grounds For Reconsideration On The Merits**

Bolanos also does not bring evidence to support non-jurisdictional grounds for reconsideration.  He does not argue that setting a deposition during his suspension was "excusable neglect" warranting reconsideration under Rule 60(b)(1).  He argues that he did not err in when and how he notified defense counsel and the Court of his suspension.  Dkt. No. 128-2 at 3.  His arguments that the Court should sanction Dauterman and his client Diamos are a repetition of previous arguments.  He does not present evidence of fraud or misconduct.  Fed. R. Civ. P. 60(b)(3).

Likewise, Bolanos fails to present "newly discovered evidence."  Fed. R. Civ. P. 60(b)(2).  As explained in the Court's order at docket 125, Bolanos continued a November deposition to December 17, 2015.  At the time he continued the deposition, Bolanos knew that he had been suspended by the State Bar of California effective November 27, 2015, but he did not disclose this information to defense counsel and this Court until December 15, 2015.  Dkt. No. 92.  Bolanos then sent an email on the morning of December 17, 2015, (the morning of the rescheduled deposition and during his suspension), canceling the depositions of Mr. and Mrs. Diamos.  Dkt. No. 102-1 at 3.

Bolanos was sanctioned for his failure to notify defense counsel and this Court of his suspension in a timely manner.  His descriptions of Dauterman's poor mental health and his client's failure to bring documents to a deposition in his motion for reconsideration of the sanctions against him do not constitute "newly discovered evidence" under Rule 60(b)(2) because they are not newly discovered or relevant to why Bolanos was sanctioned.  Dkt. No. 128-2 at 2.

Bolanos' declaration concludes in a peculiar manner.  "I am tired I suppose of the mentally ill being given a free pass to fail in their obligations to society.  Vagrants litter our streets and urinate and defecate in our alleys with impunity because the liberal consciousness bemoans 'they cannot help it because they are mentally ill.' Well I'm sorry, but public urination is a crime.  Just as failing to appear as ordered by a court is a

Case No. 13-cv-04997 NC                    5

sanctionable violation of the federal rules. So my request is that this court sanction Mr. Dauterman for all the money expended and I will personally deliver the order to his grave and demand his compliance." Dkt. No. 128-2 at 4. The Court will include this filing and declaration by Bolanos in its referral to the Standing Committee on Professional Conduct for the Northern District of California. *See* Civ. L. R. 11-6.

### C. Additional Sanctions

Specialized opposes Bolanos' motion for reconsideration. Dkt. Nos. 129, 130. In a declaration attached to the response to Bolanos' motion, counsel for Specialized requests an additional $1,525.00 sanction against Bolanos for attorneys' fees incurred in opposing his motion for reconsideration. Dkt. No. 129-1 at 3 (Declaration of Ronald Arlas). However, the request for additional sanctions is not stated in the response papers, and Specialized has not filed a motion for additional sanctions or a motion to amend the judgment. Specialized's request for an additional $1,525.00 is DENIED.

## IV. CONCLUSION

Finding that Bolanos has failed to provide justification under Rule 60 for reconsideration of the sanctions motion against him, the Court DENIES his motion. This case is now closed.

**IT IS SO ORDERED.**

Dated: March 20, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 13-cv-04997 NC          6